UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEON SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:04-CV-00307 |
| ) | |
| FORT WAYNE FOUNDRY CORPORATION, ) | |
| PONTIAC DIVISION, and GMPA LOCAL 285, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Leon Sullivan, who is *pro se*, filed a motion to sever, on the basis that proceeding simultaneously against Defendant Fort Wayne Foundry Corporation ("FWFC") and Defendant GMPA Local 285 ("GMPA") in this suit creates a conflict of interest. (Docket # 35.) For the reasons stated herein, Sullivan's motion will be denied.

On July 13, 2004, Sullivan, through his then-counsel Christopher Myers, filed a complaint against Defendants, contending that (1) FWFC discriminated against him because of his race, and then retaliated against him, when it terminated him for alleged excessive absenteeism, thereby violating the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*., and 42 U.S.C. § 1981; and (2) GMPA failed to fairly represent him in his termination, thereby violating § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. (Docket # 1.)  Christopher Myers later filed a motion to withdraw as Sullivan's counsel, which the Court granted on May 31, 2005. (Docket # 34.)  Shortly thereafter, Sullivan filed the instant motion, which FWFC and GMPA both oppose.

While Federal Rule of Civil Procedure 21 provides that a claim *may* be severed and proceeded with separately, the determination of *whether* to sever is "committed to the broad

discretion of the trial judge." *Bennett v. Sch. Dirs. of Dist. 115*, No. 96 C 2422, 1996 WL 495555, *2 (N.D. Ill. Aug. 28, 1996). "In deciding whether severance is appropriate, a court should consider the convenience and fairness to parties as well as the claim's separability in logic and law.  A court's decision should serve the ends of justice and facilitate the prompt and efficient disposition of the litigation." *Id*. (internal citations omitted); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985); *Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985); *see also* Fed. R. Civ. P. 42(b) ("The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim. . . .").

The Supreme Court has stated that a claim against an employer for breach of its collective bargaining agreement and against a union for breach of its duty of fair representation are interdependent. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 913 (7th Cir. 1999).

> Such a suit, as a formal matter, comprises two causes of action.  The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement.  The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.  Yet the two claims are inextricably interdependent.  To prevail against either the company or the [u]nion . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the [u]nion.

*DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983) (internal quotation marks omitted); *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 563-64 (1990) ("Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts . . . that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation.");

*Christiansen*, 178 F.3d at 913 n.2; *Phillips v. Lenox Hill Hosp.*, No. 86 Civ. 1026, 1986 WL 12512 (S.D.N.Y. Oct. 24, 1986) (denying employer's motion to sever claims that employer breached the collective bargaining agreement and that union failed to fairly represent employee). Here, while Sullivan did not expressly assert in his complaint that FWFC breached the terms of its collective bargaining agreement with GMPA when it terminated him, it is a necessary element of his claim against GMPA. *Chauffers*, 494 U.S. at 569.  Likewise, because normally a collective bargaining agreement provides for final binding arbitration of certain labor disputes, a necessary element of a claim of a breach of a collective bargaining agreement by an employer is the failure by the union to fairly represent the employee. *Christiansen*, 178 F.3d at 913 n.2.

      Therefore, since Sullivan's claims arise from the same set of facts and are interdependent, judicial economy weighs strongly in favor of proceeding with the claims simultaneously. Furthermore, Sullivan's motion can be denied for two other reasons.  First, he fails to articulate any credible, specific basis for his request in his two-sentence motion, merely asserting that a conflict of interest somehow exists because Defendants "are not one corporation." (Docket # 35.) Second, it was Sullivan's choice to initially advance both claims in the unitary proceeding; Defendants have proceeded on that basis in performing their discovery, and to sever the suit now may unduly prejudice them.

      For these reasons, Sullivan's motion to sever (Docket # 35) is hereby DENIED.  SO ORDERED.  Enter for July 13, 2005.

S/Roger B. Cosbey\
Roger B. Cosbey,\
United States Magistrate Judge

3